UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL WILSON                                                            CIVIL ACTION

VERSUS                                                                 NO:    08-1518

TECO OCEAN SHIPPING, INC.                                              SECTION: "C" (3)

## ORDER AND REASONS

This matter comes before the Court on Defendants' and Third-Party Defendant's Motions for Reconsideration of Granting Motion for Leave to File Second Supplemental and Amended Complaint for Damages. (Rec. Docs. 84 & 94).

The Federal Rules of Civil Procedure do not formally recognize a "Motion for Reconsideration." Out of judicial necessity, our courts have developed an approach to evaluate such a motion. The Fifth Circuit treats a motion for reconsideration as "either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." *Id.* at 173. The Fifth Circuit holds that, "if the motion is served within ten (10) days of rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* Here Defendants filed their Motion to Reconsideration within 10 days of the December 3, 2010 Order, so it will be treated as a Rule 59(e) Motion to Alter or Amend.

Alteration or amendment of a previous ruling under Rule 59(e) "calls into question the correctness of a judgment." *Tremplet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir.2004). This specific motion serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted). It may also be used to prevent manifest injustice. *Flynn v. Terrebonne Parish School Bd.*, 348 F.Supp.2d 769, 771 (E.D.La. 2004). As such, it must be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La.2000).

1

Here Defendants request this Court to reconsider its ruling allowing Plaintiff to file a Second Supplemental and Amended Complaint because Defendants claim that they did not consent to the *ex parte* motion for leave to file the amended complaint. (Rec. Doc. 84 at 1). Furthermore, Defendants argue that Plaintiff has not shown good cause for granting his untimely motion for leave to file a second amended complaint. *Id.* Finally, Defendants argue that if the Court allows Plaintiff to file an amended complaint, then the trial would have to be continued. *Id.* at 2.

The Court finds that none of Defendants' arguments show that this Court committed any manifest errors of law or fact in its December 3, 2010 Order. While Defendants claim that they did not consent to the filing of Plaintiff's Second Supplemental and Amended Complaint, Plaintiff has provided email correspondence that establishes that Defendants had prior notice of Plaintiff's intention of filing an amended complaint. (Rec. Doc. 93-1 at 1-4). More importantly, those emails show that Defendants even supplied the name and address of the agent for the service of process of a party named in the amended complaint. *Id.* As a result it is clear that Defendants had ample opportunity to object to the filing of Plaintiff's amended complaint. Despite these opportunities, Defendants chose to not file a formal objection until 10 days after this Court granted Plaintiff leave to file his amended complaint. (Rec. Doc. 84). As a result, Defendants have not called into question the correctness of this Court's Order as required in a Motion to Alter or Amend and therefore their Motion must be denied.

Moreover, this Court finds that Plaintiff has shown good cause for missing the Scheduling Order's deadline for filing amendments to pleadings. (Rec. Doc. 11 at 2). Plaintiff has shown that despite its diligence in attempting to compel discovery responses regarding the ownership, care, custody and control of the barge Mary Turner, Defendants have consistently refused to provide such information. (Rec. Doc. 93 at 5). In fact, the answers that Defendants have provided have been subject to change. For example, in response to Plaintiff's initial request for production, Defendant,

2

Teco Ocean Shipping Inc., admitted to owning the Mary Turner, only to later claim that it only leased the Mary Turner. *Id.* at 4. Moreover, Defendants have refused to provide information on whether Teco Ocean Shipping, Inc. still exists as a legal entity. *Id.* at 5. So, while the amendment might require a third continuance of the trial, the Court notes that much of the delay was caused by Defendants' refusal to provide complete discovery responses in a timely fashion. Furthermore, in light of the outstanding questions of ownership and control of the Mary Turner, the amendment is important for Plaintiff because there is a risk that some of the original Defendants no longer exist. Because Plaintiff has provided adequate explanation for the late amendment and because the amendment is important for Plaintiff, the Court is convinced that allowing the amendment was proper, even if it results in further delay. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3rd 533, 536 (5th Cir. 2003) (Holding that when considering whether to grant an untimely amendment to pleadings a court should consider (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.).

Accordingly,

IT IS ORDERED that Defendants' Motions are DENIED. (Rec. Docs. 84 & 94).

New Orleans, Louisiana, this 11th day of February, 2011.

          **HELEN G. BERRIGAN**
          **UNITED STATES DISTRICT JUDGE**