UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL WILSON                                                              CIVIL ACTION

VERSUS                                                                       NO: 08-1518

TETCO OCEAN SHIPPING, INC                                    SECTION "C" (3)
et al.

**ORDER AND REASONS[1]**

Before the Court is Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability. (Rec. Doc. 100). Defendants oppose Plaintiff's Motion. (Rec. Doc. 117). Having considered the record, the memoranda of counsel and the applicable law, the Motion for Summary Judgment is DENIED for the following reasons.

**I. Background**

Plaintiff, Paul Wilson ("Wilson") worked as a maritime electrician for H.M.P.S., Inc. (Rec. Doc. 100-2 at 1). On November 30, 2007 Wilson was responsible for making repairs and inspecting the electrical system on the barge Mary Turner, which was docked at Uncle Sam, Louisiana. (Rec. Doc. 100-3 at 1 ). While climbing a ladder aboard the Mary Turner, Wilson suddenly fell and landed on the deck of the barge. (Rec. Doc. 100-3 at 2). Wilson suffered various personal injuries as a result of this fall. (Rec. Doc. 100-3 at 2).

**II. Law and Analysis**

Summary judgment  is only proper when the record indicates that there is not a "genuine

---

[1] Helen Meaher, a third year law student at Tulane University School of Law, assisted in preparing this order and reasons.

issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-248 (1986). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-732 (1990).

Wilson alleges that the accident was not a result of personal fault. (Rec. Doc. 100 at 2). He argues that the barge was unseaworthy, and the unsafe condition of the vessel was the cause of the accident. (Rec. Doc. 100 at 2). However, Wilson acknowledges that he is unsure whether his fall was a result of the ladder's slippery conditions or if the ladder was broken (Rec. Doc. 117 at 4). In addition, Defendants have presented testimony that contradict Wilson's allegations that the ladder was slippery or that it was broken. (Rec. Doc. 117 at 4-6). For example, one witness testified that he ascended the ladder before Wilson and descended the same ladder just after Wilson fell and did not notice any problem with the ladder involved in this dispute. (Rec. Doc. 117 at 6). Furthermore,

the barge's repair records and witness testimony indicate that no repairs were performed or even requested on the ladder, (Rec. Doc. 117 at 5),which contradicts Wilson's allegation that he was informed the ladder was repaired following his accident, (Rec. Doc. 100 at 15).  Thus, there are genuine issues regarding the cause of Wilson's injuries and therefore Defendants' liability.  Since genuine issues of material fact exist, summary judgment is precluded as a matter of law.

### III. Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment is DENIED. (Rec. Doc. 100).

New Orleans, Louisiana, this 22nd day of February, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE